Tucker, F.
delivered the opinion of the court. There is no error in the refusal to permit the appellant Moseley to file his answer in this case. No person has a right to file an answer in any suit in which he was not a party. The question then is, was Moseley a party here, *226 or not ? It cannot be fairly questioned, that the subpoena , , . , , . . and conditional decree were both served upon him. But he is not named in the bill; there is no allegation any where in it, which bears upon, or in any manner refers to him, nor is any decree prayed against him, either in terms, or in the usual language praying a decree, “ against all persons unknown, and who may be hereafter discovered claiming under or combining with the defendants.” It is a distinct charge against other persons, and it prays distinctly a decree against them for certain lands. Moseley, therefore, seems to me not to be a defendant, in any fair sense of the term. No process is prayed against him by the bill; and, therefore, according to the authorities, he was not a defendant; and there being no charge against him and no decree prayed, he had nothing to defend. The bill, it was true, was taken for confessed against him. But, as it charged nothing, nothing was confessed, and therefore nothing could be decreed. In short, a decree against one not named in the bill, and nowise comprehended in its general allegations, is a nullity. He is not bound by it, and has, therefore, no necessity to contest it, or answer to it. If he has been improperly named in the process, the plaintiff may indeed be subject to his action for vexing him by that service, when he was in fact not a party; but he cannot file his answer where nothing is demanded of him. It is a solecism to speak of his answering a bill, in which he is not named, and in which he does not even by inference appear to have an interest or concern. The court is of opinion, therefore, that the order be affirmed; stating, however, as the ground of affirmance, that the appellant was not a party to the suit, and was not bound by the decree, and therefore was under no necessity to answer the bill, and had no right to insist on filing his answer.
Decree for that cause affirmed.